## N. Y. SUPERIOR COURT.

WILLIAM R. CARNES, respondent agt. GEORGE W. PLATT, appellant.

The *delivery of a deed,* is essential to its effect; and that effect is determined not by the nominal date, but by the legal delivery of the conveyance. And *acceptance by the grantee* is indispensable to an effective delivery. An absolute acceptance by a duly authorized *agent* may operate as a good delivery to the grantee.

Where the circumstances are undisputed, delivery or no delivery is a question for the *court.*

The office of a jury is to find facts upon *conflicting evidence.* If there is no dispute and the proof is clear, then it is the duty of the court to apply the law and pronounce judgment. And even where the evidence is not wholly on one side, yet if a verdict would be set aside as being against the clear weight of the evidence, the court should direct the verdict.

It is an elementary rule, which forbids a man to insist, at different times, on the truth of each of two conflicting allegations, according to the promptings of his private interest.

*General Term, March,* 1869.

THE action was to recover possession of certain real property in this city.

Upon a former trial, the jury found a verdict for the defendant, which upon appeal was set aside and a new trial ordered.

On the new trial, at the close of the evidence, the defendant's counsel made the following requests:

*First*—To direct a verdict for the defendant, on the ground that it was clear, upon the uncontradicted evidence in the case, that the deed to Charles W. Houghton to Charles L. Anthony, covering the premises in question, was delivered, and the title thereby passed from said Houghton to said Anthony, before the recovery of the judgment in favor of the Merchants' Bank.

*Second*—If the foregoing request should be denied, then,

Carnes agt. Platt.

to submit to the jury the question, whether Charles W. Houghton handed the deed aforesaid to Wetmore with in tent to deliver the same as his deed for the use of Anthony·

*Third*—Whether Wetmore had authority as agent for Anthony to accept a delivery of the deed at the time it was left with him.

*Fourth*—Whether the assignment of the judgment was left procured from the Merchants' Bank for the benefit and on behalf of the said Charles W. Houghton, or in collusion with him for the purpose of enforcing the same as a lien upon the premises in question.

The justice refused each of such requests, and refused to submit any question to the jury; to which refusals, and to each of them, the defendants' counsel excepted.

The justice thereupon directed the jury to find a verdict for the plaintiff, for an estate for his life in the premises described in the complaint, with a right to the present possession, to which direction the defendant's counsel duly excepted.

The jury thereupon found a verdict for the plaintiff, in accordance with the above direction.

The defendant appealed from the judgment.

DANIEL T. WALDEN, *for plaintiff, respondent.*
JAMES C. CARTER, *for defendant, appellant.*

*By the Court,* McCUNN, J. The appeal presents but a single issue for decision in this court; and that is, was the conveyance from Houghton to Anthony of the premises in controversy, *delivered* before the 10th of August, 1854, the date of record of the judgment of the *Merchants' Bank of Boston* agt. *Charles W. Houghton?* If the docketing of the judgment be prior to the delivery of the deed, then the title of the respondent is indefeasible. If the delivery of the deed were prior to the record of the judgment, then the appellant is entitled to a new trial.

The delivery is essential to the effect of a deed; and that effect is determined not by the nominal date, but by the legal delivery of the conveyance.

And, when the circumstances are undisputed, delivery or no delivery is a question for the court.

On the uncontroverted facts of this case, I infer, as matter of law, there was no delivery of the deed from Houghton to Anthony previous to the docketing of the judgment in favor of the bank.

Acceptance by the grantee is indispensable to an effective delivery. An absolute acceptance by an agent, may operate a good delivery to the grantee. But, in the first place, it is apparent, on the face of the transaction, that Wetmore was the agent of Anthony to examine the title, and for no other purpose; and, secondly, that he did not in fact assume to accept the conveyance. He held it until the return of Anthony to the city; and the judgment having been meanwhile recovered and docketed against the grantor, Mr. Anthony, the grantee, then declined to accept the deed. Acceptance of a beneficial conveyance may be presumed; but the presumption in this case is repelled by the positive refusal of Anthony.

By reason of the cloud on Houghton's title, arising from the judgment, Anthony refused to consummate the arrangement of which the delivery and acceptance of the deed were essential conditions; and by the abandonment of the whole arrangement by Anthony, the conveyance necessarily became a nullity. The consideration of the conveyance was the release by Anthony of an attachment on Houghton's property; but on discovery of the cloud upon Hough-title, Anthony proceeded to enforce his attachment. Here is the strongest possible evidence of rejection of the deed by Anthony, and neither he nor his privies can now be heard in a court of justice to assert the operative effect of the repudiated conveyance.

It is an elementary rule, which forbids a man to blow hot

and cold with reference to the same transaction—to insist at different times on the truth of each of two conflicting allegations, according to the promptings of his private interest (*Broom's Legal Maxims, 4th ed.,* 169.)

The judgment of the court below, finds support as well in technical law as in substantial justice.

MONELL, J.—The new trial of this action was upon substantially the same evidence as was given upon the first trial. The only difference claimed by the appellant's counsel is in respect to the consideration of the deed from Anthony to Edwin and Elijah Houghton, and the consideration of the mortgage to the defendant.

Upon the first trial, it seems to me, the charge to the jury must be deemed to have assumed that there was sufficient proof of a delivery of the deed to the defendant, and the jury were instructed that if they found either that it was agreed upon between Anthony and Charles Houghton to take the property in question and release the Rhode Island property, or that the purchase of the judgment in Boston was only made for the benefit of Houghton, they should find for the defendant.

Upon the appeal, the charge was held to be erroneous, not for assumming that there had been a delivery of the deed to Anthony prior to the title acquired by the plaintiff (which the learned justice who delivered the opinion of the court would not admit had been assumed), but for assuming that the mere making of the agreement between Anthony and Charles Houghton transferred the legal title to Anthony, Nevertheless, I think the question of the delivery of the deed to Anthony was involved, and it required, as it certainly did receive, an examination of all the evidence touching such alleged delivery ; and, as the court then distinctly decided that point, it is *res judicata.*

The questions then examined were whether the leaving the deed with Wetmore was a delivery thereof by Houghton, as his deed to Wetmore for the use of Anthony, with

*intent* to pass the title to Anthony; whether such deed was then accepted by Wetmore, he being authorized by Anthony to accept it for him; and whether there was any such acceptance by Anthony in September as would relate back to the day of the leaving the deed with Wetmore, and cut off intervening rights?

Upon these several questions the court examined all the evidence, and decided that they must be answered in the negative.

There was nothing, therefore, on the second trial for the jury to pass upon, so far as related to the delivery of the deed to the defendant, unless as is now claimed by the appellant's counsel, the question of delivery was so entirely a question of *fact*, that it could not correctly be taken from the jury.

The office of a jury is to find facts upon *conflicting* evidence. If there is no dispute and the proof is clear, then it is the duty of the court to apply the law and pronounce judgment. And even where the evidence is not wholly on one side, yet if a verdict would be set aside as being against the clear weight of the evidence, the court should direct the verdict.

In this case, there was not any dispute or conflict in the evidence establishing the facts constituting what was claimed to be a delivery of the deed to Anthony; and the court had the right, and it was its duty, to say which of the parties, upon such undisputed facts, was entitled to a verdict from the jury. And the learned justice following, as he was bound to do, the decision of the general term, held the facts insufficient to constitute a legal delivery.

I do not find anything in this case which takes it out of the ordinary rule regulating trials by jury; and the only distinction which was attempted to be taken, was that the alleged delivery and acceptance of the deed, was a question of "*intent*," and therefore should have been determined by the jury. But I cannot admit there is any such distinction.

If the facts and circumstances are such as to repel a presumption of an intention to deliver and accept, and the only conclusion which could legitimately be reached is, that there could not have been an intention to deliver or accept, then it cannot be said there was any conflict, or that the jury should pass upon the question.

Under the statue relating to fraudulent conveyances, where fraud is made a question of "*fact*," it has been decided ( *Griswold* agt. *Sheldon*, 4 *N. Y.* 581 ) that it was the duty of the court to *non-suit*, where the conveyance, under which the plaintiff claimed, appeared upon its face to be fraudulent. To the same effect is *Edgell* agt. *Hart*, (9 *N. Y.* 213,) in which a chattel mortgage was attacked on the ground of fraud, and it was there said, if the facts are undisputed ,the court should direct the judgment; and a nonsuit was sustained. And in *Butherson* agt. *Jones* (*H., & D.,* *R. Lalor* 171), it is said, that although the inference is one to be drawn by the jury; yet where the weight of the proof is so decisive, that if the jury had found against it a new trial would be granted, it need not be left to them. That case involved a question of delivery of a deed.

None of the cases cited by the appellants's counsel reach the point I am considering; nor am I aware of any case or principle which renders a question of *intent* so purely and exclusively a question for the jury, that the court cannot take it from them.

In this case, thererore, as this court has held upon the same facts that there had not been a delivery of the deed to Anthony prior to the recovery of the judgment against Houghton, it wonld have been error to have left the question of delivery to the jury.

The appellant's counsel requested the judge below to submit to the jury whether the assignment of the judgment was procured from the Merchants' Bank for the benefit and in behalf of Houghton, or in collusion with him, for purpose of enforcing it as a lien upon the premises.

There was no attack made upon the judgment. That must have been conceded to have been valid; and I do not, therefore, see in what manner the allegation of obtaining the assignment of a good judgment for a small or inadequate consideration, can be stronger now than it was then.

I have not found any evidence showing that the purchase of the judgment was made for Houghton, or that he had any beneficial interest in the purchase. Mrs. Carnes paid the consideration, whatever it was, and however much her husband may have desired to befriend or assist Houghton, there was nothing shown in the transaction of any collusions or fraud between them, which could in any way effect or impair the rights of the assignee. If the bank was imposed upon or overreached, it alone can complain. It would not, most certainly, invalidate a title obtained under the assigned judgment; nor would it authorise a preference to be given to either subsequent grantees or creditors. At any rate, the evidence fell much short of showing that the judgment was assigned only nominally to Mrs. Carnes, and really to Houghton, so as to authorise a finding that the latter was the real owner of the judgment. Anything short of such evidence would not support the allegations in the answer to which the proof was directed.

I have noticed all the *requests* to submit questions to the jury, and no claim can now be made that there were others which ought to have been submitted.

I am satisfied there was no error committed at the trial, and that we should *affirm* the judgment.